UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUAN VEGA,<br><br>　　　　　　　　　　Petitioner,<br>v.<br><br>WARDEN LEGRAND, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 3:13-cv-00313-MMD-VPC<br><br>ORDER |

This habeas matter comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The Clerk's administrative records reflect that the filing fee has been paid.

Turning to initial review, it appears that the petition is subject to dismissal without prejudice because none of the claims therein have been fairly presented to the Supreme Court of Nevada and exhausted. Petitioner therefore will be directed to show cause why the petition should not be dismissed without prejudice for lack of exhaustion.

I.　　BACKGROUND

Petitioner Juan Vega alleges that his Nevada state judgment of conviction, as amended, does not provide the proper amount of presentence credit for time served.

Plaintiff attaches with the federal petition a copy of a May 14, 2013, order by the Supreme Court of Nevada in its No. 61351 affirming in part and dismissing in part a lower court order. The state supreme court order states in pertinent part:

> This is a proper person appeal from orders denying a "First Amendment Petition" pursuant to NRS 34.185 and a motion for return of property. . . . .

First Amendment Petition

In his petition filed on April 9, 2012, appellant sought additional presentence credit. Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition because the claims raised fell outside the scope of NRS 34.185 and because a claim for presentence credits must be raised in a post-conviction petition for a writ of habeas corpus filed in compliance with the procedural requirements of NRS chapter 34. See NRS 34.724(2)(b); Griffin v. State, 122 Nev. 737, 744, 137 P.3d 1165, 1169 (2006). Accordingly, we affirm the denial of appellant's petition.

May 14, 2013, Order, at 1 (dkt. no. 1-1, at electronic docketing page 26).

## II. GOVERNING LAW

The Court may raise issues of exhaustion sua sponte. See, e.g., Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988). Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. E.g., Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003)(en banc); Vang v. Nevada, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. E.g., Shumway v. Payne, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. E.g., Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. See, e.g., Coleman v. Thompson, 501 U.S. 722, 731(1991). A petition that is completely unexhausted is subject to immediate dismissal. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir.2001).

///

///

## III. DISCUSSION

Petitioner has not demonstrated exhaustion of his claims in the Supreme Court of Nevada. The appeal in No. 61351 in that court did not exhaust the claims. If a petitioner presents a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, the petitioner has not fairly presented the claim. See, e.g., Castille v. Peoples, 489 U.S. 346, 351(1989). Under the state supreme court's holding in No. 61351, petitioner did not present his challenge to the amount presentence credit allowed through the proper procedural vehicle.

Petitioner therefore must show cause in writing why the petition should not be dismissed as completely unexhausted. The petition will be dismissed without further advance notice if petitioner does not timely respond to this order or fails to demonstrate that the action should not be dismissed without prejudice for lack of exhaustion. Nothing in this order signifies either that the claims in the federal petition correspond to any particular claim in the state court proceedings or that the petition otherwise is free of deficiencies. Petitioner at all times remains responsible for calculating the running of the applicable state and federal limitations periods, for timely seeking appropriate relief in the state and federal courts, and for first exhausting state judicial remedies on his federal claims.

## IV. CONCLUSION

It is therefore ordered that the Clerk of Court shall file the petition and accompanying motion for appointment of counsel.[1]

It is further ordered that, within thirty (30) days of entry of this order, petitioner shall show cause in writing why the petition should not be dismissed without prejudice for lack of exhaustion. Petitioner shall identify by docket number and date all state

---

[1] The motion for appointment of counsel will remain under submission during the show-cause inquiry. The Court does not find at this juncture that the interests of justice require the appointment of counsel during the show-cause inquiry.

supreme court proceedings upon which he bases a claim of exhaustion. Petitioner further shall attach with his response copies of all state court filings and decisions, including both state district court filings and state supreme court filings, upon which he relies to establish that the exhaustion requirement has been satisfied as to the claims in the federal petition.

DATED THIS 13th day of December 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE